**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

October 11, 2007

Joseph Young, Pro Se
178319
#USM 50364056
Passaic County Jail
11Marshal Street
Paterson, NJ 07501

Carmen Cortes-Sykes, Esq.
Goodman, Galluccio & Chessin, Esqs.
337 Park Avenue
P.O. Box 2037
Paterson, NJ 07509

**LETTER ORDER FILED WITH THE CLERK OF THE COURT DENYING
APPLICATION FOR PRO BONO COUNSEL UNDER 28 U.S.C. §1915(e)(1)**

  Re: **Young v. Speziale, et al.**
     **Civil Action No. 07-3129 (SDW)**

Dear Mr. Young and Counsel:

  The Court has received your application for pro bono counsel pursuant to 28 U.S.C. §1915(e)(1). While civil litigants do not have a constitutional or statutory right to be represented by counsel, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). In deciding whether to request appointment of counsel, the Court must determine whether the plaintiff is "an indigent . . . with a claim of arguable merit" and is incapable of presenting his or her case." Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).

  If the Court believes the applicant's claims have potential merit, the Court may then consider the following six factors:

   (1) the plaintiff's ability to present his or her own case;
   (2) the complexity of the legal issues;
   (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

    (4)    the amount a case is likely to turn on credibility determinations;
    (5)    whether the case will require the testimony of expert witnesses; and
    (6)    whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-8. This list serves merely to guide the Court's discretion. Id. at 458. The court must also keep in mind that "volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id.

On July 11, 2007, District Judge Wigenton granted your Application to proceed without prepayment of fees under 28 U.S.C. §1915. Your Complaint alleges violation of your civil rights under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971).

Your instant Application, dated July 20, 2007, for pro bono counsel alleges that you require assistance with litigating this case because you do not have any understanding of the applicable law, you have a limited educational background, and you do not have the means to pay for a lawyer.

At this early stage of the litigation, the Court finds that you are capable of presenting your own case. This Court has examined the instant Complaint, as well as your subsequent application for pro bono counsel, which reveal that you have the capacity to effectively present your claims without appointed counsel. For instance, you have demonstrated an ability to file court papers and have competently interacted with this Court. Accordingly, Plaintiff's application for appointment of counsel is denied without prejudice. At the close of discovery and before trial, you may reapply for appointment of counsel.

**SO ORDERED.**

                                                        *s/Madeline Cox Arleo*
                                                        **MADELINE COX ARLEO**
                                                        **United States Magistrate Judge**

Orig:  Clerk
cc:    Hon. Susan D. Wigenton, U.S.D.J.
       All Parties
       File