UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| JOSEPH DAVID YOUNG, | : | |
| | : | Civil Action No. 2:07-03129 (SDW)(MCA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JERRY SPEZIALE, DR. MAGDY WAHBA, LORI HANTON, JOHN DOE(S) AND JANE DOE(S), the PASSAIC COUNTY SHERRIFF'S DEPARTMENT, and PASSAIC COUNTY, | : | June 7, 2010 |
| | : | |
| Defendants. | : | |

**WIGENTON**, District Judge.

Before the Court is Defendant Lori Hanton's ("Defendant" or "Hanton") second Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") pursuant to FED. R. CIV. P. 12(b)(1), (b)(6) and (c) (the "Motion"). The Motion seeks to dismiss Plaintiff's *Bivens*[1] claims and Codefendants' cross claims for contribution and indemnification against Defendant. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Motion is decided without oral argument pursuant to FED. R. CIV. P. 78.

**FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case is extensively discussed in this Court's November 10, 2009 opinion denying Defendant Hanton's first Motion to Dismiss the SAC and need not be restated here. *See Young v. Speziale, et al.*, No. 07-3129 (D.N.J. Nov. 10, 2009). In that opinion,

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

this Court held that Plaintiff had "adequately alleged that Defendant was deliberately indifferent to his medical needs" and thus had sufficiently pled a § 1983 violation. *Id.* at 13. This Court further held that Defendant was not entitled to qualified immunity. *Id.* at 14.

Subsequently, Defendant contemporaneously filed both an answer to the SAC and the instant Motion. Defendant's Motion seeks to dismiss Plaintiff's *Bivens* claims for violations of his constitutional rights under the Fifth, Eighth and Fourteenth Amendments and Codefendants' cross claims for contribution and indemnification under the Joint Tortfeasors Contribution Law, N.J. STAT. ANN. § 2A:53A-1, *et seq.* Defendant asserts that 42 U.S.C. § 233(a) and 28 U.S.C. § 2679(b)(1) entitle her to immunity from suit, and thus both Plaintiff's *Bivens* claims and Codefendants' cross claims must be dismissed.

## MOTION TO DISMISS STANDARD

Because the instant Motion was filed concurrently with Defendant's Answer, the Motion will be considered under Rule 12(c). In construing the standard of review for a Rule 12(c) motion, our courts have noted that "a motion to dismiss for failure to state a claim under Rule 12(c) is identical to one filed under Rule 12(b)(6), except Rule 12(c) allows for the motion to be filed after the filing of an answer, while Rule 12(b)(6) allows for the motion to be made in lieu of an answer." *Wellness Publ'g v. Barefoot*, No. 02-3773, 2008 WL 108889, at *6 (D.N.J. Jan. 9, 2008); *see also* FED. R. CIV. P. 12(h)(2)(B). Thus, in either instance, a court is to "analyze the motion[s] under the same standard." *Reinbold v. U.S. Post Office*, 250 F. App'x 465, 466 n.1 (3d Cir. 2007) (citing *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)). We will therefore evaluate Defendant's Motion using the standard of review established under Rule 12(b)(6).

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holding Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556–57, 570) (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id*.

## DISCUSSION

**i. Plaintiff's *Bivens* Claims.**

In her second attempt to dismiss Plaintiff's complaint, Defendant Hanton argues that 42 U.S.C. § 233(a) entitles her to immunity from all claims for injuries resulting from actions performed within the scope of her employment as a member of the United States Public Health Service (USPHS). (Def.'s Br. 3.) This Court agrees. Section 233(a) provides:

> The remedy against the United States provided by [the Federal Tort Claims Act] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

The Third Circuit has construed 42 U.S.C. § 233(a) to confer absolute immunity from *Bivens* claims on USPHS members for injuries resulting from actions performed within the scope of their employment.[2] *Anderson v. Bureau of Prisons*, 176 F. App'x 242, 243 (3d Cir. 2006) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000)) ("[U]nder 42 U.S.C. § 233(a), members of the Public Health Service are immune from suit in a *Bivens* action if the injury for which compensation is sought resulted from the performance of a medical or related function while acting within the scope of their office or employment"). The Supreme Court recently agreed with the Third Circuit and held that the plain language of § 233(a) does indeed bar *Bivens* actions against USPHS employees for actions performed within the scope of their employment. *Hui, et al. v. Castaneda*, 130 S. Ct. 1845, 1854 ( 2010) (holding that members of

---

[2] Plaintiff argues that any reliance on *Anderson* is misplaced, since "the Third Circuit 'does not regard [unpublished] opinions as binding precedent.'" (Pl.'s Br. 8-9) (quoting *Fallon Elec. Co., Inc. v. Cincinnati Ins. Co.*, 121 F.3d 125, 128 n.1 (3d Cir. 1997)). However, in light of the Supreme Court's recent decision, *infra*, binding authority now clearly exists.

the Public Health Service are immune from suit in a *Bivens* action if the injury for which compensation is sought resulted while acting within the scope of their office or employment).

In this case, Plaintiff alleges that Defendant's denial of Plaintiff's request for medical treatment, while she was an employee in the Prisoner Medical Services unit of the United States Marshall's Service, violated his constitutional rights (SAC ¶ 6-7; 20-21). Thus, Hanton, as an employee of the Public Health Service, falls squarely under the protections of § 233(a) and is immune from Plaintiff's *Bivens* claims. *Castaneda*, 130 S. Ct. at 1854; *Anderson*, 176 F. App'x at 243.

**ii. Codefendant's Cross Claims.**

In their Answer to the SAC, Codefendants asserted a cross claim for contribution and indemnification under the Joint Tortfeasors Contribution Law, N.J. STAT. ANN. § 2A:53A-1, *et seq*. This cross claim must also fail because the Second Amended complaint against Hanton is hereby dismissed and Hanton is also immune from tort liability under 28 U.S.C. § 2679(b)(1) (the "Westfall Act").[3]

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.

**SO ORDERED.**

s/ Susan D. Wigenton<br>**Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.

---

[3] The Westfall Act grants federal employees absolute immunity for claims for money damages arising from actions performed within the scope of their employment. 28 U.S.C. § 2679(b)(1); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007) ("the Westfall Act[] accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"); *U.S. v. Smith*, 499 U.S. 160, 163 (1991) (Westfall Act "establishes [] absolute immunity for Government employees" for "torts committed in the scope of their employment").

5